UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

United States of America,

Plaintiff,

vs. ORDER

John Koralia, Jr., and Barbara D. Koralia,

Defendants. Civ. No. 00-1833(JMR/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 16th day of November, 2001.

* * *

On November 15, 2001, the Court heard argument on the Plaintiff's Motion to Compel Discovery, to Compel the Depositions of the Defendants, and to Extend the Pretrial Deadlines. At the time of the Hearing, the Plaintiff appeared by Katja M. Eichinger, United States Department of Justice, Tax Division, and no appearance was made by, or on behalf of, the Defendants. For reasons which follow, we grant the Plaintiff's Motions in their entirety.

This is a tax liability case brought by the United States against the Defendants, for what are asserted to be substantial deficiencies in the Defendants' payment of their Federal taxes. The Plaintiff served discovery requests upon the Defendants in April of this year and, notwithstanding the passage of many months,

69

FILED NOV 16 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

the Defendants have failed to respond to the Plaintiff's discovery. Further, the Plaintiff noted the taking of the Defendants' depositions and, notwithstanding due notice, the Defendants, and their attorney, failed to appear for the scheduled depositions. Given the Defendants' failure to honor their discovery obligations, the Plaintiff requests that the discovery, and Motion practice deadlines, be modestly extended.

Specifically, discovery in this case ended on October 31, 2001, and the nondispositive Motion deadline is scheduled to expire on November 30, 2001. See, Amended Pretrial Scheduling Order, Docket No. 59 (D. Minn., August 15, 2001). Previously, at the request of the Defendants' counsel of record, we modified the deadlines established in our Pretrial Order, on August 15, 2001, because of health problems then being experienced by the Defendants' attorney. Notably, the Defendants did not then request an indefinite continuance of the pretrial deadlines, but sought modest extensions so that the case could proceed to Trial. While counsel for the Defendants has not taken any means to advise the Court of any need to further modify the deadlines -- nor have the Defendants in their own right -- we are satisfied that, if such a modification were necessary, the same counsel who requested the previous extension would have applied the same approach again. He has not. According to counsel for the Plaintiff, defense counsel either

fails to respond to telephone calls, or he takes the call and disregards any agreements reached. Such a course of conduct will now end. If defense counsel is medically unable to adequately represent the interests of the Defendants, then he has a professional obligation to his clients, and a duty to the Court, to find substitute legal representation. He has not and, therefore, given his considerable experience in such matters, we are satisfied that he is not medically unable to continue in his representation of the Defendants.

While the Defendants may wish to effectively default on the claims asserted by the Plaintiff, by ignoring their existence, they have not made that intent known to this Court in order that an appropriate Order might by entered, and their continued violation of the Orders of this Court, as well as their duties under the governing Federal Rules of Civil Procedure, will not be condoned. Therefore, on an abundant showing of cause, we grant the Plaintiff's Motion to Compel Discovery, and direct the Defendants to fully and completely respond to the Plaintiff's discovery requests **by no later than November 29, 2001.** Thereafter, the Defendants, and each of them, are hereby expressly commanded to appear for their depositions, **in the Jury Lounge of Courtroom No. 3, of the United States Courthouse in the City of Duluth, on December 12, 2001, at 9:00 o'clock a.m., and continuing until those depositions**

**are completed.** The failure of the Defendants to comply with these directives, absent the securing of a modification of the same by a written, and properly supported Motion, will result in our Recommendation to the District Court, the Honorable James M. Rosenbaum, Chief Judge, presiding, that a Default Judgment be entered against the Defendants.

In addition, given the inexcusable conduct of the Defendants, and their legal counsel, we grant the Plaintiff's Motion for an extension of the discovery and Motion practice deadlines, such that discovery will close on **January 1, 2002**; all nondispositive Motions shall be filed, and the Hearing thereon completed, **by no later than February 1, 2002**; all dispositive Motions shall be filed, and a Hearing thereon completed, **by no later than March 1, 2002**; and the case shall be Ready for Trial on **March 1, 2002, or thirty days after the District Court renders a decision on any then pending dispositive Motion.**

NOW, THEREFORE, It is --

ORDERED:

1. That the Plaintiff's Motion to Compel Discovery [Docket No. 60] is GRANTED, and the Defendants are to fully and completely respond to the discovery requests **by no later than November 29, 2001.**

2. That the Plaintiff's Motion to Compel the Depositions of the Defendants [Docket No. 65] is GRANTED, and the Defendants are directed to appear for their depositions on **December 12, 2001, at 9:00 o'clock a.m., in Courtroom No. 3, of the United States Courthouse in the City of Duluth.**

3. That the Plaintiff's Motion to Extend the Pretrial Deadlines [Docket No. 60] is GRANTED, as more fully detailed in the text of this Order.

BT THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE



**JoAnn Hoadley**

11/16/2001 04:07 PM

To:
cc:
cc:
Subject:

U.S. Marshal served Order at John and Barbara Koralia's address and their attorney per Judge Erickson
JoAnn Hoadley