UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

United States of America,

Plaintiff,

vs. ORDER

John Koralia, Jr., and Barbara D. Koralia,

Defendants. Civ. No. 00-1833(JMR/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 12th day of December, 2001.

* * *

On December 10, 2001, the Court heard argument on the Defendants' Motion for a Continuance of the Depositions of the Defendants, which had been set for December 12, 2001, as well as their Motion for Extension of Pretrial Deadlines. At the time of the Hearing, the Plaintiff United States of America appeared by Katja M. Eichinger, United States Department of Justice, Tax Division, and the Defendants John and Barbara Koralia ("Koralias") appeared by Shelly M. Marquardt. For reasons expressed at the close of the Hearing, and briefly reiterated below, we grant the Defendants' Motions, in part.

In a previous Order dated November 16, 2001, we directed the Koralias to fully respond to the Government's outstanding discovery

FILED DEC 12 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

requests by no later than November 29, 2001, and to appear for a their depositions, at a designated place, on December 12, 2001. We further extended the pretrial deadlines in the case as follows: discovery was set to conclude on January 1, 2002; all nondispositive Motions were to be filed, and the Hearing thereon completed, by February 1, 2002; all dispositive Motions were to be filed, and the Hearing thereon completed, by March 1, 2002; and the case was to be Ready for Trial on March 1, 2002. Although the Defendants provided the requested discovery by November 29, 2001, they now seek a continuance of the depositions, and request a ninety-day extension of the remaining pretrial deadlines, because their attorney of Record has underwent a quadruple bypass surgical procedure on November 30, 2001, and is in recuperation, and unavailable to assist them in their defense.

Although the Koralias have retained the services of Ms. Marquardt, who office shares with the Koralias' attorney of Record, in order to advance this Motion, Ms. Marquardt advises that she is unable to effectively assist the Koralias as she limits her practice to family law, and is not professionally qualified in matters of Federal tax law. She further advises that, while there are other practitioners who would be able to assist the Koralias, any lawyer so retained would need time to review the file in preparation for the Koralias' depositions. Accordingly, the Koralias

request the extension of the pretrial deadlines in order to adequately prepare their defenses.

For its part, the Government does not contest the need for a continuance of the Koralias' depositions or, for that matter, the remaining pretrial deadlines, but the Government will only accede to a thirty-day extension, due to the significant delays which have already occurred in this case because of the Koralias' discovery infractions. We agree, that the Koralias come to this Court with a history of absolute indifference to their obligations to fully allow legitimate discovery. We do not know whether this is attributable to their own resistance to allow discovery, or some strategy by their current Trial Counsel, but we have already alerted the Koralias that the Court will allow no further delay owing to the Koralias' effort to avoid discovery. Nevertheless, we further recognize that the current exigency is not owing to any act on the Koralias' part. As a result, an adequate continuance should be allowed to permit the Koralias to retain legal counsel who will be prepared for their depositions, and we conclude that an extension of sixty days will be sufficient.

For understandable reasons, we do not require the Koralias to retain different legal counsel, and they may wish to continue to be represented by their current Trial Counsel of Record. We make clear, however, while that decision is solely the Koralias, should

they allow the extension we allow, for the taking of their depositions to expire, and they are not competently represented by legal counsel, we will entertain no further continuances, and we will return to an examination of the sanctions provided by Rules 34 and 37, Federal Rules of Civil Procedure, for a failure of discovery. While, as we expressly acknowledge, the current exigency is not of the Koralias' making, they have wholly abused the discovery Rules of this Court without justification or excuse. They remain on notice, that the Court will indulge no return to such a state of disregard, or direct breach, of their discovery obligations.

Therefore, we direct that the Koralias appear for a deposition, on a date mutually agreeable to both parties, within 60 days from the date of this Order. We do not set a date certain, but both parties should understand that we will not be amenable to any further continuances of the noted depositions, absent a starkly different circumstance which provides abundant good cause for further delay. In addition, we further amend the pretrial deadlines as follows: discovery will conclude on **March 1, 2002**; all nondispositive Motions shall be filed, and the Hearing thereon completed, by **April 1, 2002**; all dispositive Motions shall be filed, and the Hearing thereon completed, by **May 1, 2002**; and the case shall be Ready for Trial on **May 1, 2002**.

NOW, THEREFORE, It is --

ORDERED:

1. That the Defendants' Motion for a Continuance of their Depositions [Docket No. 70] is GRANTED.

2. That the Defendants' Motion for an Extension of the Pretrial Deadlines [Docket No. 70] is GRANTED, in part.

3. That the Defendants will appear for depositions, on a date mutually agreeable to all parties, within 60 days from the date of this Order.

4. That the pretrial deadlines are modified as follows: discovery will conclude on **March 1, 2002**; all nondispositive Motions shall be filed, and the Hearing thereon completed, by **April 1, 2002**; all dispositive Motions shall be filed, and the Hearing thereon completed, by **May 1, 2002**; and the case shall be Ready for Trial on **May 1, 2002**.

5. That the newly directed pretrial deadlines will not be subject to modification absent abundant good cause, not attributable to the circumstances that have been advanced, for prior delays, up to the present time.

BT THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE